UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANH NGOC VO, ET AL | CIVIL ACTION |
| VERSUS | NO.  12-1341<br>c/w   13-1794 |
| CHEVRON U.S.A., INC., ET AL | SECTION  "N"  (3) |

## ORDER AND REASONS

Before the Court is a Motion for Summary Judgment (Rec. Doc. 50), filed by defendants Chevron U.S.A., Inc. and Chevron Pipeline Company (collectively, "Chevron").   Defendants ExxonMobil Oil Corporation, ExxonMobil Pipeline Company, and ExxonMobil Production Company (collectively "ExxonMobil") have filed a response at Rec. Doc. 56.  Chevron has filed a supplemental memorandum in support at Rec. Doc. 59.

## I. BACKGROUND:

Plaintiffs, Anh Ngoc Vo, Nga Vo, and Kurtis Tinh Vo, bring this action seeking compensatory and punitive damages relating to an allision on April 21, 2009, in which plaintiffs' commercial fishing vessel (the *F/V Miss Kimberly*) allegedly struck an unmarked, submerged, unburied pipeline and sank near the end of Empire Canal in Plaquemines Parish, Louisiana.   In their petition, the plaintiffs allege that Chevron is liable because it owned, operated, or had custody of the pipeline in question.   Chevron now seeks summary judgment dismissing the claims against it on grounds that it did not own, operate, or control any pipelines in the subject area at the time of the allision.

## II. <u>LAW AND ANALYSIS</u>:

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he burden on the moving party may be discharged by 'showing' — that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case." *Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 234 (5th Cir. 2010) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). Once the moving party has carried this burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "[T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Id.* (quoting *Matsushita,* 475 U.S. at 587). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). Although the Court must draw in favor of the nonmoving party all reasonable inferences that may be drawn from the evidence submitted, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.' " *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994)); *Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012). If the nonmoving party cannot produce admissible evidence sufficient to establish an essential element as to which the nonmoving party would bear the burden at trial, entry of summary judgment is mandated. *Celotex Corp.*, 477 U.S. at 322-23.

Plaintiffs have filed no opposition to the instant motion.  The only response filed was that of ExxonMobil.  *See* Rec. Doc. 56.   In its response, ExxonMobil explains that it "does not oppose a summary judgment dismissing Chevron."  *Id.* at 1.  Rather, it filed a response to clarify that the exact location of the alleged allision is not uncontested.   Plaintiffs have alleged one set of GPS coordinates, and Nga Vo in his deposition has described a different location.   However, as Chevron points out in its supplemental memorandum, ExxonMobil does not contend (and has presented no evidence) that Chevron owned, operated, controlled, or constructed any pipelines in either the original alleged location or the new alternative location.   Therefore, no party has demonstrated a genuine dispute as to any fact that is material to Chevron's liability, and Chevron is entitled to judgment as a matter of law dismissing the claims against it.

Accordingly;

**IT IS ORDERED** that the Motion for Summary Judgment **(Rec. Doc. 50)** is hereby **GRANTED**, and the plaintiffs' claims against defendants Chevron U.S.A., Inc. and Chevron Pipeline Company in these consolidated cases are hereby **DISMISSED**.

New Orleans, Louisiana, this 16th day of December, 2013.

**KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE**

3