UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANH NGOC VO, ET AL | CIVIL ACTION |
| VERSUS | NO. 12-1341<br>c/w   13-1794 |
| CHEVRON U.S.A., INC., ET AL | SECTION  "N"  (3) |

**ORDER AND REASONS**

Before the Court is ExxonMobil's Motion for Partial Summary Judgment on Medical Causation (Rec. Doc. 75), filed by defendants ExxonMobil Oil Corporation, ExxonMobil Pipeline Company, and ExxonMobil Production Company (collectively, "ExxonMobil").  The plaintiffs have filed an opposition memorandum ( Rec. Doc. 87).   ExxonMobil has filed a reply memorandum (Rec. Doc. 91) and a supplemental memorandum (Rec. Doc. 105).

**I. BACKGROUND:**

Plaintiffs, Anh Ngoc Vo and Nga Vo, bring this action seeking damages relating to an allision on April 21, 2009, in which the plaintiffs' commercial fishing vessel (the *F/V Miss Kimberly*) allegedly struck an unmarked, submerged, unburied pipeline and sank near the end of Empire Canal in Plaquemines Parish, Louisiana.   The plaintiffs allege that ExxonMobil is liable because it owned, operated, or had custody of the pipeline in question.   ExxonMobil now seeks partial summary judgment dismissing the claims of Nga Vo for medical expenses and general damages related to his spinal and skull conditions (Chiari Malformation and Syringomyelia) on grounds that he cannot prove that the conditions were caused and/or worsened by the accident.

## II. LAW AND ANALYSIS:

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he burden on the moving party may be discharged by 'showing' — that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case." *Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 234 (5th Cir. 2010) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). Once the moving party has carried this burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986)). "[T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Id.* (quoting *Matsushita,* 475 U.S. at 587). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). Although the Court must draw in favor of the nonmoving party all reasonable inferences that may be drawn from the evidence submitted, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.' " *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994)); *Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012). If the nonmoving party cannot produce admissible evidence sufficient to establish an essential element as to which the nonmoving party would bear the burden at trial, entry of summary judgment is mandated. *Celotex Corp.*, 477 U.S. at 322-23.

The following facts are undisputed: Captain Nga Vo has a condition known as a Chiari malformation, which entails a displacement of the brain at the base of the skull and which is congenital in nature. Individuals with Chiari malformation may experience a chronic, progressive fluid build-up in their spine, a neurological condition known as Syringomyelia. Captain Vo did not seek medical treatment after the April 21, 2009 allision. The first time he sought medical treatment after the accident was about three weeks later, on May 13, 2009, when he visited the emergency room with complaints of a rib injury caused by a later slip-and-fall accident. About ten weeks thereafter, Captain Vo went to his family doctor, Dr. Rebecca Nguyen, with complaints of back pain and numbness in his hand. She referred him to a neurologist, Dr. John Steck, who found that the complaints of back pain and hand numbness were incidental to his congenital Chiari Malformation. To relieve the Syringomyelia build-up of fluids related to the malformation in his skull, Dr. Steck performed surgeries in 2010 and 2013. Captain Vo underwent an independent medical examination with neurosurgeon Dr. Najeeb Thomas, who opines that Vo's condition is congenital by nature and was not traumatically induced by the April 21, 2009 incident.

In cases such as this one, where the question of medical causation is complex and not within the knowledge of an ordinary lay person, expert testimony is required to establish the element of causation. *Seaman v. Seacor Marine L.L.C.*, 326 Fed. App'x 721, 723 (5th Cir. 2009); *Lassiegne v. Taco Bell Corp.*, 202 F. Supp. 2d 512, 524 (E.D. La. 2002). No medical doctor who has examined Vo has concluded that his neurological conditions were caused by trauma in the allision. Thus, Vo is unable to produce any expert medical testimony to support his claim.

Recognizing that he is without medical evidence, Vo argues for the application of the *Housley* presumption, which may apply where each of the following factors are met: (1) the person

was in good health before the accident; (2) commencing with the accident, the symptoms of the condition appear and continuously manifest themselves afterwards; and (3) medical evidence shows there to be a reasonable possibility of causal connection between the accident and the disabling condition.  *Housley v. Cerise*, 579 So. 2d 973, 980 (La. 1991).  The plaintiff here fails to meet even one of these factors.   First, although not symptomatic, Vo was not "in good health" before the accident; he suffered from a congenital condition.  Second, Vo's symptoms did not commence with the accident, but rather, appeared several months later.  And, third, the medical evidence shows no possibility of a causal connection between the symptoms and the accident.   Thus, the *Housley* presumption has no application here.

On the basis of this record, no reasonable jury could find for Nga Vo on the issue of medical causation.  Thus, ExxonMobil is entitled to judgment as a matter of law dismissing his personal injury claims.  Accordingly;

**IT IS ORDERED** that ExxonMobil's Motion for Partial Summary Judgment on Medical Causation **(Rec. Doc. 75)** is hereby **GRANTED**, and the claims of Nga Vo for medical expenses and general damages related to his Chiari Malformation and Syringomyelia are hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 11th day of July, 2014.

                                            **KURT D. ENGELHARDT**
                                            **UNITED STATES DISTRICT JUDGE**